UNITED STATES of America,
Appellee,

v.

Philip GARCIA, Defendant–Appellant.

No. 09–0088–cr.

United States Court of Appeals,
Second Circuit.

March 29, 2010.

Daniel A. Hochheiser, New York, NY, for Defendant–Appellant.

Benton J. Campbell, United States Attorney, Eastern District of New York (Peter A. Norling, Lara Treinis Gatz, Assistant United States Attorneys, of Counsel), for Appellee.

PRESENT: JOSE A. CABRANES, B.D. PARKER, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Philip Garcia appeals from an amended judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*). The district court, in response to a remand from this court, *see United States v. Garcia*, 08–0409–cr, sentenced Garcia to 50 months' imprisonment for conspiracy to commit robbery ("Count I") and 58 months' imprisonment for brandishing a

firearm during a crime of violence ("Count II"). *See* 18 U.S.C. § 1951(a); *id.* § 924(c)(1)(A)(ii). These sentences were to be served consecutively, for a total sentence of 108 months of incarceration. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Garcia argues that his sentence on remand was procedurally unreasonable because the district court reduced his sentence on Count II but simultaneously increased his sentence on Count I, with the result that Garcia's total term of imprisonment was unchanged from his original sentence. However, we have previously upheld such a reapportionment of a sentence where a district court determines that a certain aggregate term of imprisonment is appropriate, but has made an error in apportioning the months of incarceration between counts. *See U.S. v. Chaklader*, 232 F.3d 343, 346 (2d Cir. 2000). Garcia also claims that, during the sentencing hearing, the district court misunderstood the extent of his cooperation with the government and mistakenly believed that he had incurred additional criminal charges. However, the only instance of possible misunderstanding to which Garcia cites (whether he had been released on bail and incurred additional charges) was quickly corrected by both parties. Thus we conclude that the district court committed no procedural errors in re-sentencing Garcia.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.